UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-cv-62542-DIMITROULEAS-SNOW

ANNIE GABRIEL,

    Plaintiff,

v.

G2 SECURE STAFF, LLC and
JOHN DOE,

    Defendants.
_____/

**DEFENDANT, G2 SECURE STAFF, LLC'S RESPONSE TO ORDER TO SHOW CAUSE**

Defendant, G2 SECURE STAFF, LLC ("G2"), hereby responds to the Court's Order to Show Cause (D.E. 4) and shows that this Court has subject-matter jurisdiction over Plaintiff's claims because the amount in controversy is met. In its Order, the Court stated that it "has doubts" about "the amount in controversy requirement." *Id.* at 2. G2 resolves those doubts by showing that (1) it properly established removal jurisdiction under binding precedent from the United States Supreme Court, and (2) the amount in controversy is met under a preponderance of the evidence.

**I.**    **G2 Followed the Proper Removal Procedure & Standard**

In 2014, the United States Supreme Court clarified the procedure and standard for cases removed to federal court. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Under *Dart Cherokee*, a notice of removal needs only a "short and plain statement of the grounds for removal.'" *Id.* at 551 (quoting 28 U.S.C. § 1446(a)).

When removal rests on diversity jurisdiction, the notice needs to assert merely a "plausible allegation" to show that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* at 554. The notice need not contain evidentiary submissions. *Id.* at 551.

The notice, moreover, is evaluated under "the same liberal rules" as "other matters of pleading." *Id.* at 553 (quoting H.R. Rep. No. 100-889, p. 71 (1988)); *see also Ellison v. Coca-Cola Refreshments USA, Inc.*, No. 2:15-CV-00246-FTM-29MRM, 2015 WL 6769449, at *1 (M.D. Fla. Nov. 6, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.").

*Dart Cherokee* permits a defendant to remove with a simple pleading that asserts a "plausible allegation" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This allegation is presumed correct. Then, only if challenged, *Dart* holds that the proper procedure is that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

In assessing the preponderance of the evidence, some evidence actually must exist to rebut, or at least oppose, the defendant's removal evidence to justify remand. Indeed, as Wright & Miller recognize, "the district court must make findings of jurisdictional fact to which the preponderance of the evidence standard applies" under *Dart Cherokee*. Charles Alan Wright & Arthur R. Miller, 14AA *Federal Practice & Procedure* § 3702.2 (4th ed. 2016). Thus, as another court recently recognized, remand is not warranted when the plaintiff "does not provide the [c]ourt with any evidence rebutting [the removing defendant's] claim that the amount in controversy exceeds $75,000." *Case v. Cincinnati Ins. Co.*, No. 8:16-cv-2250-T-30JSS, 2016 WL 4771628, at *2 (M.D. Fla. Sept. 14, 2016). In other words, once the defendant makes a *prima facie* showing of diversity jurisdiction, the plaintiff must come forward with *evidence* (not simply a legal argument that the defendant failed to carry its burden) showing that the amount in controversy is *not* met.

Finally, the Court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010).  As other courts have made clear, "'a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.'"  *Chiu v. Terminix Co.*, No. 8:16-cv-306-T-24 JSS, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (quoting *Pretka*, 608 F.3d at 754).  Rather, "[t]he use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case."  *Id.*  Applying these standards here, G2's Notice of Removal sufficiently pleaded diversity jurisdiction and, more important, the amount in controversy is met by a preponderance of the evidence.

## II.     The Amount in Controversy is Met

Plaintiff's accident occurred on May 25, 2013.  As her counsel recounted, Plaintiff was traveling through the Fort Lauderdale International Airport and "was at that time recovering from emergency surgery, including placement of a colostomy."  Corr. from Pl. Counsel at 1 (Jan. 6, 2014) (D.E. 1-3).  Plaintiff claims that, after "request[ing] wheelchair transport to the gate," the wheelchair somehow "became lodged on a lip or some other obstruction" at an elevator door and "[Plaintiff] was thrown to the ground."  *Id.*

As to her injuries, Plaintiff claims an immediate injury of swelling and bleeding.  *See id.*  "Upon her return to Los Angeles," Plaintiff's injuries continued.  *Id.*  "[H]er wound became increasingly painful and she was forced to go to the emergency room.  She was told that there was a hernia at the site of her colostomy.  Since that time, the stoma site has increased dramatically in size, making her life extremely difficult."  *Id.*  Therefore, as of January 6, 2014 (***more than seven months after the accident***), "[Plaintiff] ha[d] been treating for injuries and

chronic pain since the incident." *Id.* at 2.  At that time, Plaintiff anticipated "future medical expenses" until "she has completed treatment." *Id.*

Six months later, on June 9, 2014, Plaintiff's counsel provided further information. Plaintiff was having "a difficult time receiving" treatment.  Corr. Notes (June 9, 2014) (attached as Exhibit 1).  She "needed a specialist," but was treating instead at emergency rooms "that weren't able to handle her problem." *Id.*  Counsel stated, "The hernia caused the stoma (the colostomy) to block.  She may need a new stoma on the other side of her stomach." *Id.*  As a result, Plaintiff was "still treating." *Id.*  At that time (***now more than one year after the accident***), Plaintiff's injuries had worsened and further surgery was contemplated concerning her colostomy.

After another six months passed, on December 10, 2014, Plaintiff's counsel again provided additional information on Plaintiff's injuries and medical treatment.  Corr. Notes (Dec. 10, 2014) (Ex. 1).  Plaintiff was "still having problems" and was "being 'bounced' from doctor to doctor trying to decide what to do." *Id.*  Moreover, her physicians were still considering whether to "resect the current stoma or put in a new one." *Id.*  Finally, Plaintiff had "problems with her health ins[urance]." *Id.*

Thus, ***now more than one-and-a-half years after the accident***, Plaintiff's injuries were continuing and she claimed (at that time) more than eighteen months of pain and suffering from first a herniated, and then a blocked, colostomy site that purportedly would require, at a minimum, resection, and possibly an entirely new colostomy on the other side of her abdomen.  Further, her medical expenses were continuing.

Indeed, as far as G2 knows (and as the Complaint alleges), Plaintiff's pain and suffering and medical expenses are continuing as of today – ***more than three-and-a-half years later***.  *See*

Compl. ¶¶ 14, 19 (D.E. 1-2). Under these circumstances, the amount in controversy is met and Plaintiff must respond with evidence showing otherwise.

### III.     Discovery on Removal is Permitted, if Necessary

If the Court remains unconvinced that it has enough evidence at this time to determine the amount in controversy, then G2 requests that the Court employ the procedure approved in *Dart Cherokee* that allows formal discovery on this point. There, the Court quoted at length from the House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011:

> Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. *Discovery may be taken with regard to that question.* In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.
>
> Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations.

*Dart Cherokee* at 554 (first emphasis added, second emphasis in original).

Under the Supreme Court's precedent, other courts have allowed a short period of jurisdictional discovery "'where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Brinkley v. Monterey Fin. Servs., Inc.*, No. 16CV1103-WQH-WVG, 2016 WL 4886934, at *6 (S.D. Cal. Sept. 15, 2016) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)) (granting a 60-day period of "limited jurisdictional discovery regarding the amount in controversy requirement" and requiring supplemental briefing on jurisdiction within 90 days).

Here, G2 submits that the Court has more than enough information to satisfy itself that it should properly retain jurisdiction. Nonetheless, and only if the Court finds it necessary, G2

5

requests a similar 60-day discovery period to allow Plaintiff to serve her initial disclosures and respond to written discovery on her damages.[1] If anything, this route will serve the interests of judicial efficiency and economy by saving the Court from remanding this case now only to have it return to this Court a short while later when Plaintiff further confirms that the amount in controversy exceeds $75,000.00.

**WHEREFORE**, Defendant, G2 SECURE STAFF, LLC, hereby responds to the Court's Order, shows that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and respectfully requests that this Court retain jurisdiction over this case.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Gary B. Englander, Esq., Englander Peebles, 2929 East Commercial Boulevard, Suite 305, Ft. Lauderdale, FL 33308, attorneys for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

---

[1] In a footnote to its Order, the Court also questioned whether it could *sua sponte* remand this case if Plaintiff identifies the "John Doe" employee as a Florida citizen and seeks to join him or her as a non-diverse defendant. *See* Order at 2 n.1. The short answer is that section 1447(e) controls post-removal joinder of a non-diverse defendant and a court cannot simply grant remand when a plaintiff seeks to join such a defendant, whether one previously named as a "John Doe" or not. In fact, courts (including this Court) routinely deny post-removal joinder that attempts to destroy diversity jurisdiction. *See*, *e.g.*, *Velazquez v. Advance Stores Company, Inc.*, No. 13-60740-CIV, 2013 WL 2005697 (S.D. Fla. May 15, 2013) (denying motion to amend); *Dasma Investments, LLC v. Realty Assocs. Fund III, L.P.*, 459 F. Supp. 2d 1294, 1300 (S.D. Fla. 2006) (refusing to allow plaintiff to add non-diverse defendants); *Nebula Glass Int'l, Inc. v. Reichhold, Inc.*, No. 02-60703-CIV-DIMITROULEAS, 2002 WL 33928919, at *2 (S.D. Fla. Oct. 15, 2002) (denying motion to amend). Simply put, the "John Doe" defendant is of no consequence at this time and this Court is required only to follow the dictates of section 1441(b) that "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Moreover, Plaintiff alleges both California and Florida *residency* in the Complaint. Complaint, ¶ 2. If her domicile was California or she otherwise was a citizen of California when the Complaint was filed and when it was removed, then there still will be complete diversity of

Respectfully submitted,

Emmet J. Schwartzman
CARLTON FIELDS JORDEN BURT, P.A.
***Attorneys for G2 Secure Staff, LLC***
P.O. Box 019101
Miami, FL 33131-9101
Telephone:   (305) 530-0050
Facsimile:    (305) 530-0055
Email: eschwartzman@carltonfields.com

By:  /s/ Emmet J. Schwartzman
   **EMMET J. SCHWARTZMAN**
   Florida Bar No. 710490

---

citizenship as long as "John Doe" is not also a citizen of California.